IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSE ALFREDO SINECIO ZARAZUA, | ) | 8:17CV318 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| PETE RICKETTS, JEFF SESSIONS, | ) | |
| NEBRASKA STATE GOVERNMENT, | ) | |
| and UNITED STATES DEPARTMENT | ) | |
| OF JUSTICE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Jose Alfredo Sinecio Zarazua, filed his Complaint (Filing No. 1) on August 28, 2017, and has since been granted leave to proceed in forma pauperis (Filing No. 5). The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff complains it is illegal under Nebraska law for him to smoke marijuana for pain management. He wants to see cannabis reclassified as medicine under federal law. Plaintiff also seeks to recover damages for disability discrimination based on his inability to obtain marijuana legally.[1]

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must

---

[1] According to a physician's letter attached to the Complaint (Filing No. 1 at CM/ECF p. 6), Plaintiff has suffered from disabling back pain for several years.

dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF PLAINTIFF'S CLAIMS

Plaintiff recognizes that the Nebraska statutes criminalizing the possession of marijuana are in accord with the federal Controlled Substances Act ("CSA"), which classifies marijuana as a Schedule I drug. 21 U.S.C. § 812(c). "The CSA designates marijuana as contraband for any purpose; in fact, by characterizing marijuana as a Schedule I drug, Congress expressly found that the drug has no acceptable medical uses." *Gonzales v. Raich*, 545 U.S. 1, 27 (2005) (holding that application of CSA provisions criminalizing manufacture, distribution, or possession of marijuana to intrastate growers and users of marijuana for medical purposes did not violate Commerce Clause). The CSA "authorizes procedures for the reclassification of

Schedule I drugs," *id.* at 32, and is always subject to amendment or repeal by Congress, but it is beyond the court's powers to "reform" the law as requested by Plaintiff (Filing No. 1 at CM/ECF p. 4). *See Baker v. Carr*, 369 U.S. 186, 210 (1962) ("The nonjusticiability of a political question is primarily a function of the separation of powers."). It is the function of the judiciary "to apply statutes on the basis of what Congress has written, not what Congress might have written." *United States v. Great N. Ry. Co.,* 343 U.S. 562, 575 (1952).

Plaintiff suggests that the Constitution confers upon American citizens "the right to choose our own medicine" (Filing No. 1 at CM/ECF p. 3). This is incorrect. "The constitutional rights to privacy and personal liberty "do not give individuals the right to obtain [unapproved drugs] free of the lawful exercise of government police power." *Carnohan v. United States*, 616 F.2d 1120, 1122 (9th Cir. 1980). "[T]the decision by the patient whether to have a treatment or not is a protected right, but his selection of a particular treatment, or at least a medication, is within the area of governmental interest in protecting public health." *Rutherford v. United States*, 616 F.2d 455, 457 (10th Cir. 1980). In particular, "there is no fundamental constitutional right to import, sell, or possess marijuana ...." *United States v. Fogarty*, 692 F.2d 542, 547 (8th Cir. 1982) (upholding CSA's classification of marijuana as Schedule I drug; plaintiff failed to meet his heavy burden of proving that the classification bears no rational relationship to a legitimate government purpose).

Finally, Plaintiff seeks to recover compensatory and punitive damages "for discrimination of disability" by being denied access to medical marijuana (Filing No. 1 at CM/ECF p. 4). The court liberally construes this claim as being brought against the State of Nebraska under Title II of the Americans With Disabilities Act ("ADA"),[2] which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services,

---

[2] "Title II of the ADA is not applicable to the federal government." *Cellular Phone Taskforce v. FCC*, 217 F.3d 72, 73 (2d Cir. 2000).

programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.[3] While it might be possible to craft an argument that the State should be required to accommodate Plaintiff's alleged need to smoke marijuana for pain management, *see, e.g.,* Sak v. City of Aurelia, 832 F. Supp. 2d 1026 (N.D. Iowa 2011) (enjoining enforcement of city ordinance prohibiting pit bull dogs with respect to disabled plaintiff's certified service animal), the fact remains that Congress has classified marijuana as a Schedule I controlled substance. Because of this fact, it simply is not possible to conclude that creating an exception for medical marijuana in State law would be a "reasonable accommodation" under the ADA. "To conclude that use of marijuana for medical purposes is *not* an illegal use of drugs under the ADA would undermine the CSA's clear statement that marijuana is an unlawful controlled substance that has 'no currently accepted medical use in treatment in the United States.' 21 U.S.C. § 812(b)(1)(B)." *James v. City of Costa Mesa*, 700 F.3d 394, 402 (9th Cir. 2012) (emphasis in original).

### IV. CONCLUSION

Plaintiff's Complaint is frivolous, and granting him leave to amend would be futile. Accordingly,

IT IS ORDERED that Plaintiff's Complaint is dismissed without prejudice, and Judgment will be entered by separate document.

DATED this 2nd day of October , 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[3] Because it is clear that no action will lie under the ADA, it is not necessary to consider whether the State could be held liable for damages.